ORIGINAL
D5DC
4

FILED
CHARLOTTE, NC

MAR 2 3 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

PAGE, STEPHEN  CONVICT  75788-198

Mr. Stephen M. Page
75788-198
Unit: Special Housing Unit
LSCI - Allenwood
PO Box 1000
White Deer, PA 17887



Attorney at Law
SPECIAL MAIL
OPEN ONLY IN THE
PRESENCE OF THE INMATE

Mr. Stephen M. Page 75788-198

December 08, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Stephen M. Page,

Case No. 5:00-CR-15-03-V

DEFENDANT/PETITIONER,

versus

United States of America,

RESPONDANT.

## SUPPLEMENTAL MOTION/PETITION FOR MODIFICATION AND REDUCTION OF SENTENCE

2

NOW COMES THE MOVANT/PETITIONER PURSUANT to Title 18 U.S.C.A. § 3582 et seq., AND TITLE 18 U.S.C.A. § 3742 et seq., The Due Process Clause of the Fifth Amendment of the United States Constitution; to Modify A Criminal Sentence, or Reduce A Criminal Sentence, that the Honorable Court invoke A Review And/or Evidentiary hearing Consistant with this Petitioners Claims, Avered Facts, Declerations, and Supplemental Application For Judicial Review.

MOVANT/PETITIONER, Further References An Objection As ground of basis For A Review and invocation of the due process clause of the Fifth Amendment of the U.S.C.A. (CONSTITUTION). And thereto Moves the Honorable For AN evidentiary

3

hearing in order to determine if plain error resulted in the U.S. District Court's reliance of misrepresented facts in regards of the criminal history data used by the U.S. Probation Report or Presentence Report that was incorrect and overly misrepresented to such a degree as to have caused manifest injustice or miscarriage of the jusice. And was Relyed (sic) upon at sentence(ing). And that such reliance ultimately caused DEFENDANT/PETITIONER to be assessed in a sentence guideline category totally inappropriate and completely within improper and incorrect guidelines. Moreover resulted in the imposition of a unconst-

4

itutional sentence, which was vicaresley (sic) imposed as if said Guidelines were Mandatory. The District Court treated the Guidelines- -as Mandatory. See: United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); United States v. Antonakopoulos, 399 F.3d 68, 78-79 (1st Cir. 2005).

See Also: United States v. Miller, 891 F.2d 1265 (7th Cir. 1989); Kinsella v. United States ex rel. Singleton, 361 U.S. 234, 246, 80 S.Ct. 297, 303-04, 4 L.Ed.2d 268 (1960); United States v. Turner, 501 F.3d 59 (1st Cir. 2007).

I. DISCUSSION

Legal Impossibility of having had to of engaged in the offenses the United States invoked by

Case 5:00-cr-00015-MOC   Document 235   Filed 03/23/09   Page 5 of 12

Judicial Process Against the Petitioner As a Defendant in a Criminal Action to which the DEFENDANT/PETITIONER Agreed to enter a plea of Guilt, However, it was Legally Impossible For a Disabled DEFENDANT/Petitioner Suffering A Brain Injury to have committed the Offenses, Awaringly as an Offender Against the United States. See Supplemental Motion/Petition Appendix Volume I EXHIBIT "A" 'Recent Correspondance to Appointed Attorney at Law, Lisa S. Costner From Petitioner'.

## II. ANALYTICAL FRAMEWORK

"The Remedy of a New Trial is Rarely Used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence

6

preponderates heavily against the verdict." " Quoting United States v. Merlino, 204 F. Supp. 2d 83 (D. Mass. 2002); [at 86]. ... In acting on a motion for judgement of acquittal, " the trial judge must resolve all evidentiary conflicts and ... in the prosecution's favor; and, moreover, as among competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the Prosecution's theory of guilt." United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995). "(United States v. Merlino, Supra)". See Also; United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996). Defendant/Petitioner Asserts that the Federal Rules of Criminal Procedure do not preclude further proceedings. Though this is not a Fed. R. Crim. P. Rule 29 or 33 Motion.

7

A Guilty plea should be set aside only for errors that implicate the core concerns of the Rule governing the Acceptance of pleas, which include(s) the defendant's knowledge of the consequences of the Guilty plea. UNITED STATES V. SANTO, 225 F.3d 92 (1st Cir. 2000). Fed. R. Cr. Proc. Rule 11 (c)(1) or 11 et seq Allows the withdrawal of a plea if substantial Rights are affected by an error to the Rule governing plea hearings. And that Rule requires a court to advise defendant of minimum and maximum penalties at plea hearing.

### III. SUMMARY OF ARGUMENT

The erroneous position starts with a failure of counsel to notice and recognize a case of legal im-

8

possibility and said defense therewith.
And continues when a Court that Recognized a disparity between crack cocaine and powder cocaine sentences, conveys higher penalties, even after cases such as; United States v. Buckner, 894 F.2d 975, 978-80 (8th Cir. 1990), or United States v. Andrade, 94 F.3d 9 (1st Cir. 1996). Is a manifest injustice because the Rule of Lenity should of been invoked on the vague and Ambiguous uncertainty of the Criminal Statute, many years preceeding any imposition of a sentence imposed upon this Petitioner for which it was legally Impossible for Petitioner to have Committed any offense that presently Binds imposition of a term of 292 months based on

9

Levels founded upon erroneous construction of misrepresented criminal history record data and facts, as well as application of unconstitutional base offense levels considered mandatory and for which as well are found to be excessive.

## IV. ARGUEMENT

The distinction between crack and powder cocaine ... to be constitutional. United States v. Singleterry, 29 F.3d 733, 739-41 (1st Cir.), cert. denied, ___ U.S. ___, 115 S.Ct. 647, 130 L.Ed. 2d 552 (1994). Quoting, United States v. Andrade, 94 F.3d at 15 (1st Cir. 1996).

But, at the same token: the Recent Report of the Sentencing Commision, which recommended a modification of this Disparity, demonstrates that there are

10

factors not adequately considered by the current guidelines. United States v. Andrade, 94 F.3d at 9 (1st. Cir. 1996).

## V. CONCLUSION

The Plea did not consist of Factors or demonstrated Ambiguous Criminal Statutes" to be construed in favor of the (Defendant)... applied both to the scope of conduct covered by a criminal statute and to the extent of the penalties imposed. See e.g., Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980)." Quoting, United States v. Edmonds, 80 F.3d 810 (3d Cir. 1996). And therefore was not voluntary and nor was it knowingly.

For all of the Above, and the Attached or Appendixed, Petitioner

11

warranted a withdrawal of Plea and is entitled to further Review and Factual Findings not inconsistant with Amendments of the U.S.S.G.

December 28, 2008                    Respectfully Submitted
                                     Mr. Stephen M. Page

## CERTIFICATE OF SERVICE

I, Stephen Page, declare and state pursuant to Title 28 U.S.C. §1746 that I placed in the U.S. Mail postage prepaid First Class Mail an original and 2 true + correct copies, 1 true + correct copy, 1 true + correct copy of Supplemental Motion/Petition for Modification and Reduction of Sentence with Certificate of Service and Appendix of Exhibits properly sealed and addressed to:

| Clerk USDC | US Attorney | Attorney At Law |
|---|---|---|
| 401 W. Trade St. | % Clerk USDC | Lisa Costner |
| Charlotte, NC 28202 | 401 W. Trade St. Charlotte, NC 28202 | 200 Brookstown Ave Winston-Salem, NC 27101 |
| An original + 2 copies | 1 copy | 1 copy |

MAILED: 3-04-09

February 20, 2009        Stephen M. Page 75788-198
                         Mr. Stephen M. Page 75788-198

12