UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:00-cr-00015-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEPHEN MICHAEL PAGE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's "Emergency Motion Pro Se Nunc Pro Tunc Title 18 U.S.C. § 3553(a) Violation and Retroactive U.S. Sentencing Guidelines Amendment #792." In addition to the captioned claims, a liberal reading of the motion as well as an additional pleading filed three days earlier, "Ex Parte Petitioner's Evidence MDS" (#282), reveals that defendant is also complaining about the effectiveness of representation he received in this Court when he was initially sentenced some 16 years ago and complaining of the conditions of his confinement outside this district. Thus, the Court determines that defendant has filed a mixed petition seeking relief under 28 U.S.C. § 2255 (habeas corpus relief based on ineffective assistance of counsel), 18 U.S.C. § 3582 (sentence reduction), and a <u>Bivens</u> type action concerning conditions of confinement at FCI Petersburg. For the reasons that follow, the Court will deny the motion.

First, the Court has considered the possible claim for relief under Section 2255. Even if the Court were to consider the time for filing a Section 2255 petition as running from 2010 when defendant's sentence was reduced to 262 months, and not 2002 when Judgment was entered (which became final in 2003 after exhausting appellate review), the one year period under the AEDPA has well run. Indeed, what defendant complains of is not the actions of counsel in 2010, but the

1

actions of trial counsel in 2002, making consideration of the 2010 date illogical. In any event, none of the exceptions provided in Section 2255(f) appear applicable and the Court finds that any such claim is patently time barred. Thus, the Court cannot find that a viable claim has been asserted and such claim is dismissed without prejudice. Defendant is further advised that if he wishes to file a Section 2255 claim, he will need to file it on Section 2255 forms and sign that petition under penalty of perjury. He should therein explain what impediments have stood in his way in filing such petition.

Second, the Court has considered defendant's possible Section 3582 claim seeking a sentencing reduction under Amendment 792 to the United States Sentencing Guidelines. The Sentencing Commission has described that amendment, as follows:

> This amendment makes several changes to the guideline applicable to economic crimes, § 2B1.1 (Theft, Property Destruction, and Fraud), to better account for harm to victims, individual culpability, and the offender's intent.

FCJ Federal Sentencing Guidelines Manual Amendment 792 (11/1/15). Amendment 792 has no application to defendant's conviction, which was for a conspiracy to possess with intent to distribute controlled substances, a violation of 21 U.S.C. § 846. Reading defendant's pleading in a most liberal manner, he could be attempting to assert a claim under Amendment 782, which is applicable to controlled substances offenses. This Court has, however, already denied defendant relief under Amendment 782. See Order (#277).

Third, the Court has considered the possibility that defendant is attempting to bring a Motion for Reconsideration of that Order denying relief under Amendment 782. In particular, Judge Voorhees found that Amendment 782 was inapplicable to this defendant because he was a career offender. If that is defendant's argument, he would likely be attempting to argue that the court should reconsider its Order based on the published Fourth Circuit decision in United States

2

v. Munn, 595 F.3d 183 (4th Cir. 2010), which held that "a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on [an amendment to the drug guidelines] if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the [drug] guidelines in calculating the extent of the departure." Munn, 595 F.3d at 192. Ordinarily, this Court would be required to follow that decision and not the contrary decisions of the United States Courts of Appeals for the Sixth, Eighth, and Tenth Circuits,[1] which held that career offender designation does bar a sentence reduction; however, since Munn was decided in 2010, the United States Sentencing Commission has explicitly "adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits" and "clarif[ied] that the applicable guidelines range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.10(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. App. C., Amend. 759 (2011). Indeed, the Fourth Circuit has recognized the abrogation of Munn, albeit in an unpublished decision, holding that "the Sentencing Commission has abrogated the ruling in Munn by defining 'applicable guideline range' as 'the guideline range that corresponds to the offense level and criminal history category determined... before consideration of any departure provision.' U.S.S.G. App. C., Amend. 759 (2011)." United States v. Moton, 531 Fed. Appx. 377, 378 (4th Cir. 2013) (unpublished) (*per curiam*). Thus, even construing the instant motion as one seeking reconsideration under Munn, there simply is no basis for this Court to afford defendant any relief under Amendment 782 as his status as a Career Offender prohibits relief under Amendment 782.

---

[1] *See United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115 (8th Cir. 2009); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010).

3

Fourth and finally, defendant makes a number of allegations concerning the conditions of his confinement, which at present appears to be at FCI Petersburg. Indeed, the bulk of the 22-page pleading appears to address concerns defendant has with authorities at that facility accommodating his medical needs and resulting physical limitations. In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court created, apart from the FTCA, an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights. <u>Yokum v. Frank</u>, 937 F.2d 604, 1991 WL 118008, *2 (4th Cir. July 3, 1991). In the context of a person incarcerated in the BOP bringing a <u>Bivens</u> action, the Supreme Court has held, as follows:

> [i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

<u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001). The problem here is that this Court lacks jurisdiction over any <u>Bivens</u> claims concerning actions at FCI Petersburg because that facility is located in the Eastern District of Virginia. This Court's jurisdiction would be limited to federal correctional facilities in the Western District of North Carolina, of which there are none. Defendant is advised that any <u>Bivens</u> claim must be brought in that district.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Emergency Motion Pro Se Nunc Pro Tunc Title 18 U.S.C. § 3553(a) Violation and Retroactive U.S. Sentencing Guidelines Amendment #792" (#283) is **DENIED** as follows:

(1) To the extent defendant seeks relief under Section 22255, that claim is **DENIED** without prejudice as to filing a Section 2255 petition in the manner discussed above;

(2) To the extent defendant seeks relief under Amendment 792, that request is summarily denied with prejudice as that amendment is inapplicable to defendant's sentence;

(3) To the extent defendant seeks relief under Amendment 782 that request is **DENIED** with prejudice as *res judicata*;

(4) To the extent defendant seeks reconsideration of the earlier Order (#277) denying relief under Amendment 782, that request for reconsideration is **ALLOWED**, and having reconsidered that Order in light of Munn, the Court **REAFFIRMS** Judge Voorhees denial of relief under Amendment 782 and **DENIES** relief under Amendment 782; and

(5) To the extent defendant attempts to assert a civil Bivens action in this criminal action for events allegedly occurring in the Eastern District of Virginia, that claim is **DISMISSED** without prejudice as to filing a civil action in the appropriate district.

Signed: January 26, 2018

Max O. Cogburn Jr.
United States District Judge