UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:00-cr-00015-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| STEPHEN MICHAEL PAGE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se "Nunc Pro Tunc Notification Pursuant Malicious Abandonment(s) as to Medical Care Under Ab Anite Revival By Virtue Abarnare Plea" (#285) (errors in the original). The Court has closely read this pleading and it appears that defendant is complaining about the conditions of his confinement, in particular his medical care, while being housed by the Bureau of Prisons ("BOP"). The Court notes that last month it disposed of similar conditions-of-confinement contentions defendant made in his "Emergency Motion Pro Se Nunc Pro Tunc Title 18 U.S.C. § 3553(a) Violation and Retroactive U.S. Sentencing Guidelines Amendment #792" (#283).

In this motion, defendant again complains about the conditions of his confinement at FCI Petersburg, which is located in the Eastern District of Virginia. In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court created, apart from the FTCA, an independent cause of action for monetary damages against federal officials, acting under color of federal law, who violate an individual's constitutional rights. <u>Yokum v. Frank</u>, 937 F.2d 604, 1991 WL 118008, *2 (4th Cir. July 3, 1991). In the context of a person incarcerated in the BOP bringing a <u>Bivens</u> action, the Supreme Court has held, as follows:

1

> [i]f a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). The problem here is that this Court lacks jurisdiction over any Bivens claims concerning actions at FCI Petersburg because that facility is located in the Eastern District of Virginia. This Court's jurisdiction is limited to federal correctional facilities in the Western District of North Carolina, of which there are none. Defendant is again advised that any Bivens claim must be brought in the Eastern District of Virginia.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se "Nunc Pro Tunc Notification Pursuant Malicious Abandonment(s) as to Medical Care Under Ab Anite Revival By Virtue Abarnare Plea" (#285) is **DENIED** without prejudice.

Signed: February 20, 2018

Max O. Cogburn Jr.
United States District Judge