UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:00-cr-00015-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEPHEN MICHAEL PAGE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se "Nunc Pro Tunc Objection" (#291) and "Motion for Reconsideration of all Fillings Since 1/19/2018." (#292).

In the first motion, defendant appears to "object" to this Court's February 20, 2018, Order (#290), which denied his "Pro Se Nunc Pro Tunc Notification Pursuant Malicious Abandonment(s) as to Medical Care Under Ab Anite Revival By Virtue Abarnare Plea." (#285). In the motion underlying that Order, plaintiff attempted to assert a civil claim in this criminal action concerning the conditions of his confinement at FCC Petersburg, which is in the Eastern District of Virginia. This Court explained, as follows:

> The problem here is that this Court lacks jurisdiction over any <u>Bivens</u> claims concerning actions at FCI Petersburg because that facility is located in the Eastern District of Virginia. This Court's jurisdiction is limited to federal correctional facilities in the Western District of North Carolina, of which there are none. Defendant is again advised that any <u>Bivens</u> claim must be brought in the Eastern District of Virginia.

<u>Id.</u> at 2. The Court has considered defendant's Objection, to the best of its ability as parts are not legible, and cannot find any error of law that would warrant reconsideration. Read in a light most favorable to defendant, he appears to contend that he has compelling evidence; however, this Court's determination is a legal one, not a factual one, as determining jurisdiction is a question of

1

law for the Court. If defendant believes he has a claim that is ripe for consideration by a federal court concerning his conditions of confinement at FCC Petersburg, he must file that civil action in the United States Court for the Eastern District of Virginia.

In his second motion, defendant requests that this Court review "all filings since 1/19/2018," which is apparently directed at this Court's January 29, 2018, Order (#284) denying his "Pro Se Emergency Motion Nunc Pro Tunc Title 18 U.S.C 3553(a) Violation." (#283). In the underlying motion, defendant sought relief on multiple issues, including review of Judge Voorhees' previous Order (#277) on defendant's previous Amendment 782 claim, which had become final. The undersigned's Order (#284) disposing of that motion is presently on appeal to the Court of Appeals for the Fourth Circuit. Notice of Appeal (#287). Therefore, this Court's review of that Order (#284) is limited by Rule 62.1, Federal Rules of Civil Procedure. In accordance with Rule 62.1, the Court has reviewed its Order and finds that there is nothing to reconsider as the Court gave full consideration to defendant's motion. This Court liberally construed his pleading, provided him with instructions as to how to file claims under Section 2255, considered his misplaced Amendment 792 claim, and even construed that Amendment 792 claim to be an Amendment 782 claim, and explained that Judge Voorhees had already rejected relief on that contention.

Finding no merit to either motion, they will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se "Nunc Pro Tunc Objection" (#291) and "Motion for Reconsideration of all Fillings Since 1/19/2018." (#292) are **DENIED**.

Signed: March 13, 2018

Max O. Cogburn Jr.
United States District Judge