SPECIAL MAIL

RECEIVED
STATESVILLE, NC

OCT 2 2 2018

DATE: June 29, 2018

U.S. District Court
Western District of N.C.

ATTENTION!
Office of the Clerk USDC WD NC
200 Broad Street, Room
Statesville, N.C.

U.S. Attorneys Office
227 West Trade Street, Suite 1650
Charlotte, N.C. 28202

LEGAL MAIL
Federal Public Defenders Office
WD NC
SPECIAL MAIL

⇔75788-198⇔

Office of the Clerk USCA4
Lewis F. Powell, Jr. U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia  23219-3517

Federal Defenders Office
Executive Attorney
129 W Trade ST
Charlotte, NC 28202
United States

PRIVILEGED COMMUNICATION

SPECIAL MAIL/LEGAL MAIL 28 C.F.R. § 540 et. seq.

PRIVACY

LABEL ALL MAIL PARCELS
AS FOLLOWS:

SPECIAL MAIL – OPEN ONLY IN PRESENCE OF INMATE PURSUANT TO FEDERAL BUREAU OF PRISONS PROGRAM STATEMENTS # 5264.14 April 5, 2011 CORRESPONDENCE; 5800.10 Nov. 3, 1995 (BOP) MAIL MANAGEMENT MANUAL: See Also Volume 28 C.F.R. §§ 540.18 Section 10; 540.19(b); 540.19 et. seq.; 540 Subparts B. & F. FREEZE v. GRIFFIN, 849 F.2d 172, 175 (5th Cir. 1988).

MR. STEPHEN MICHAEL PAGE  75788-198 UNIT C-NORTH
FEDERAL CORRECTIONAL COMPLEX P.O. BOX 1000
PETERSBURG, VIRGINIA  23804-1000

– COVER –

MR. STEPHEN MICHAEL PAGE 75788-198 UNIT C-NORTH
FEDERAL CORRECTIONAL COMPLEX
POST OFFICE BOX 1000
PETERSBURG, VIRGINIA 23804-1000

Re: USA v. PAGE, 15 CR 00

Dear Office of the Clerk USDC WD NC STATESVILLE DIVISION;
Dear Office of the Clerk USCA4;
Dear Federal Public Defenders Office WD NC;
Dear U.S. Attorneys Office WD NC;

Favored By:                    The ['RULE OF LENITY'];

    <u>Hughes v. U.S.</u>, Case No. 17-155 binding plea agreement and Amendment 782. I'm addressing the Court and Federal Public Defender's Office WD NC seeking appointment of (CJA) counsel. Career Offender U.S.S.G. § 4B1.1 is challengable by virtue of Title 28 U.S.C. § 994, and <u>Dimaya</u> in turn has invalidated Title 18 U.S.C. § 16 definition as to 'crime of violence' as vague. See <u>U.S. v. LaBonte</u>, 520 U.S. 751, 117 S.Ct. 1637, 137 L.Ed.2d 1001 (1997) [No. 95-1726]:

("...In 1984, Congress created the Commission and charged it with "establish[ing] sentencing policies and practices for the Federal criminal justice system." 28 U.S.C. § 991; see <u>Mistretta v. U.S.</u>, 488 U.S. 361, 367-370, 102 L.Ed. 714, 109 S.Ct. 647 (1989). The commission, however, was not granted unbounded discretion. Instead, Congress articulated general goals for federal sentencing and imposed upon the Commission a variety of specific requirements. See §§ 994(b)9-(n). Among those requirements, Congress directed that the Commission

> "shall assure that the guidlelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and -
> "(1) has been convicted of a felony that is -
> "(A) a crime of violence; or
> "(B) an offense described in section 401 of the Controlled Substance Act (21 U.S.C. § 841)...; and
> "(2) has previously been convicted of two or more prior [such] felonies..."
> 28 U.S.C. § 994(h) ...

The Commission sought to implement this directive by promulgating the "Career Offender Guideline," which created a table of enhanced total offense levels to be used in calculating sentences for "career offenders." U.S.S.G. Manual § 4B1.1 (Nov. 1987) ...

...The basic drug distribution statute, 21 U.S.C. § 841 ..., has two relevant subsections, (a) and (b). Subsection (a) makes it a crime to "possess" a "controlled substance," such as cocaine, with "intent to distribute" it. Subsection (b) sets forth penalties-both minimum and maximum penalties-for violating subsection (a). ... A later portion of that part increases the minimum penalty to 10 years and maximum penalty to life if the offender has a previous drug felony conviction. The Commission's Career Offender Guideline treats the statutory term <u>authorized</u> as if it referred to the "maximums" that § 841 provides except for this last mentioned part. We must decide whether the Career Offender statute permits the Commission to write this Career Offender Guideline-a Guideline that looks to the maximum sentence that an individual criminal statute authorizes for recidivisim-perhaps the most important offender characteristic. ... The question that divides this Court is not about the wisdom of this implementing interpretation. It is whether the "career offender" statute's words "maximum term authorized" are open to the Commission's interpretation or whether they unambiguously forbid it. In my view, the words, whether read themselves, read within the

context of sentencing law, or read against the technically defined ( a reading that would leave out most statutory recidivism enhancements) or one might not. The language of the statute, even if read as referring to offenses, do not say.

Second, background sentencing law does not provide an unambiguous answer to the "authorized by what" question. That background law includes a fundamental distinction between "offense characteristics" and "offender characteristics." This distinction underlies the Guidelines' basic structure, see supra, at 764-766, 137 L.Ed.2d, at 1014-1015; it is embodied in the Commission's authorizing statute, 28 U.S.C. §§ 994(c) and (d), and it grows out of pre-Guideline sentencing law, ..." (quoting LaBonte id.).

And as of recent in 2018 United States v. Lee, 714 Fed. Appx. 979 (11th Cir. 2018) No. 17-11690 it was noted by this Court's point to stipulate: ("... Specifically, when a drug offender is sentenced under career-offender guidelines range upon which his sentence is based is calculated from § 4B1.1, and not 2D1.1[.] United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012)").

Then I, Stephen M. Page have received an unconstitutional sentence, whereas, the calculations were derived from § 2D1.1, though the court opted to enhance this very calculation further by virtue of the Career-Offender Guideline.

THEREFORE, I have reviewed United States v. Hairston 2018 U.S. Dist. LEXIS 12581 (W.D. Va., Jan. 25, 2018) No. 4:04-cr-00008-1 and find to understand, as well to realize: ("... The Fourth Circuit has held that a valid waiver of appeal and collateral-attack rights does not give a district court unfettered discretion in imposing a sentence and that fundamental defects or errors fall into a class of claims that lie beyond the scope of any waiver. United States v. Martin, 961 F.2d 493, 496 (4th Cir. 1992) ... excess of the maximum penalty provided by statute.") See also, United States v. Surratt, 797 F.3d 240, ... 2015 WL 4591677, at *12 (4th Cir. 2015) ("[A] sentence imposed above the proper statutory maximum might present another instance of an unlawful sentence.").

Further, prior felony convictions may fail qualification hereafter in post-Dimaya look at Dunham v. United States, 2018 U.S. Dist. LEXIS 344 (W.D. N.C., Jan. 2, 2018) 3:16-cv-00341-FDW, 3:06-cr-00456-FDW-1 a holding post-Johnson and just prior to Dimaya ("... arguing that his sentence should be vacated and that he should be resentenced without the career-offender enhancement ... no longer qualifies as a predicate felony offense under U.S.S.G. § 4B1.2 in light of the Supreme Court's holding in Johnson v. U.S., 135 S.Ct. 2351, 192 L.Ed.2d 569 (2015). Take note, that thereafter, when the Supreme Court announced similar language also id being as vague, became all encompassing as to such similar language where ever and afar to the scattered texts containing same language. From § 924(c) to § 16 created an all encompassing holding to other texts of law containing the very same similar language, which, is fully determined invalid and vague. *My Career Offender enhancement was pursuant Mandatory version of U.S. Sentencing Guideline (as applied).*

- 3 -

Case 5:00-cr-00015-MOC   Document 296   Filed 10/22/18   Page 3 of 6

See Sessions v. Dimaya, 584 U.S. ___ (2018) No. 15-1498 (Bench Opinion) ...

___ p. 2 "[Defining "violent felony" as any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B) — was unconstitutionally "void for vagueness" under the Fifth Amendment's Due Process Clause. Johnson v. United States, 576 U.S. ___, ___. Relying on Johnson, the Ninth Circuit held that § 16(b), as incorporated into the INA, was also unconstitutionally vague. Held: The Judgment is Affirmed]."

Clearly, section 994(h)(2) is what prompted the Commission to create the career offender Guideline. This section treats convictions for "a crime of violence" as qualifying for an enhanced punishment under the § 4B1.1 Chapter and Section of the U.S.S.G. Manual. But, how do we know what "a crime of violence" means? When, we turn to 18 U.S.C. § 16, the same provision the Supreme Court partially struck down in Dimaya, which also is, the implementing statute for the career offender Guideline, indeed partially relies on 18 U.S.C. § 16(b), held unconstitutionally vague in light of Dimaya, appears to be [my argument].

To invalidate the implementing statute of Title 28 U.S.C. § 994 that allowed the Commission to create the "residual clause" of the career offender Guideline.

WHEREBY, the Commission never had such authority, because the directive explained by Congress, forward to:

("...assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which is eighteen years or older and;
    (1)    has been convicted of a felony that is
    (A)    a crime of violence; or
    (B)    an offense described in section 401 of the Controlled Substance Act (21 U.S.C. § 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act ... ; and
    (2)    has previously been convicted of two or more felonies, each of which is
    (A)    a crime of violence; or
    (B)    an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841), ...").

Specifically, Johnson has been found to reach into the Guidelines at the Career Offender similar language junctions. And having been found to reach into the Guidelines by virtue of pre-Booker mandatory Guidelines Analysis, then too so is the sentence imposed pursuant to my criminal case; Post-Booker, only represents the language is still similar, but, instead is advisory. Such advice is incorrect! The creation of the Career Offender provision's language has not altered or changed: Compare Criminal Law Reporter Vol. 103, No. 11 June 13, 2018 page 280 Court Decisions (BNA)("'Vague Guideline Gets Federal Prisoners New Sentence' United States v. Cross, 2018 BL 201713 7th Cir., No. 17-2282, 6/7/18. Two federal prisoners sentenced under the mandatory residual clause of the U.S. Sentencing Guidelines are entitled to new sentences, the U.S. Court of Appeals for the Seventh Circuit said June 7.")

- 4 -

Case 5:00-cr-00015-MOC   Document 296   Filed 10/22/18   Page 4 of 6

And if, indeed Johnson survives Pre-Booker Reasoning and Analysis under the scope of understanding stablish through this United States Supreme Court's views and holdings establishing that it is known and very clear that the language as invalidated in the Johnson Holding and Decision has absolutely carried over to also Dimaya's Similar Holding and Decision invalidating same language within another— United States Code of Title 18's (Volume); partially, as well as in Johnson [means] such similar language were-ever found in text is vague. Inclusive of the United States Sentencing Guidelines Manual's 'Career Offender' provision Ch. 4 Part B or § 4B1.1 et. seq., Before Booker's Holdings and Moreover after Booker's Holdings; because the language indeed is similar, whether advisory or mandatory version.

## CONCLUSION

WHEREFORE, as Amendment 782 is retroactive through Hughes v. United States, Case No. 17-155 wherein two-level reduction off the base offense level overules Career Offender Applications cond[ucted] pursuant to § 2D1.1 calculation and not § 4B1.1 drug quantity calculation, wherein also, Johnson reaches into these same Guidelines because [of-vagueness] irregardless if mandatory or advisory since similarity does not dissipate— and advice is indeed incorrect.

A Challenge hereto is sought through assistance of counsel and or by virtue under pro per appearance herein, herewith, hereof. Vacate, Correct, and Set Aside sentence imposed. Award two-level reduction in sentence Base Offense Level and amend adjustment of career offender enhancement, as applied improperly, incorrectly, and unconstitutionally. Sentence Calculations were derived from U.S.S.G. § 2D1.1 not 4B1.1 until adjusted calculation factor, which is impermissible. Dimaya —— was an all encompassing ruling as to Johnson's Holding, and reasoning otherwise is an unequal application of the law. In the face of incorrect legal advice no advisory data may be deemed valid or correct.

RESPECTFULLY SUBMITTED.

YOUR U.S.S.G. 'CAREER OFFENDER' PROVISION THEREFORE IS INVALID AS VAGUE TOO! [1]/ In violation of my Constitutional Right under the Fifth Amendment.

I REMAIN,

_____
MR. STEPHEN MICHAEL PAGE
Pro Se

Footnote:

[1]/ None of Movant's prior convictions qualify as 'crimes of violence' either or serious drug offenses. *Cooperation must be taken into consideration.*

- 5 -

Certificate of Service

I, Stephen Michael Page, declare and state pursuant to Title 18 U.S.C. § 1746 that I have placed in the FCC Petersburg Legal Mail Deposit Window an Original and 2 True and Correct Copies of: Letter Petition with this Certificate of Service.

Properly sealed and addressed to these setforth as follows by prepaid First Class U.S. Postal Mail Service Postages:

[Original & 1 True & Correct Copy]:

Office of the Clerk
200 Broad Street, Room 304
Statesville, North Carolina  28677

[1 True & Correct Copy]:

U.S. Attorneys Office
WD NC STATESVILLE VIA CHARLOTTE
227 West Rade Street, Suite 1650
Charlotte, North Carolina  28202

The above is true and correct. Mailed on: September 12, 2018

Signed under the pains and penalties of perjury.

Executed on 12 DAY OF September, 2018.

MR. STEPHEN MICHAEL PAGE

Pro Se

-6-