UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:00-CR-00015-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STEPHEN MICHAEL PAGE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion captioned as "The Rule of Lenity" (#296). The Court has closely read the pleading and concludes that defendant is again seeking a reduction under Amendment 782 to the *United States Sentencing Guidelines*. See Motion (#296) at 5.

Earlier this year, this Court addressed a similar request, defendant's "Emergency Motion Pro Se Nunc Pro Tunc Title 18 U.S.C. § 3553(a) Violation and Retroactive U.S. Sentencing Guidelines Amendment #792." See Order (#284). Finding that no relief was available under Amendment 792, the Court read the pleading in a light most favorable to defendant by considering the motion as one also made under Amendment 782. The undersigned held, as follows:

> Third, the Court has considered the possibility that defendant is attempting to bring a Motion for Reconsideration of that Order denying relief under Amendment 782. In particular, Judge Voorhees found that Amendment 782 was inapplicable to this defendant because he was a career offender. If that is defendant's argument, he would likely be attempting to argue that the court should reconsider its Order based on the published Fourth Circuit decision in United v. Munn, 595 F.3d 183 (4th Cir. 2010), which held that "a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on [an amendment to the drug guidelines] if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the [drug] guidelines in calculating the extent of the departure." Munn, 595 F.3d at 192. Ordinarily, this Court would be required to follow that decision and not the contrary

1

decisions of the United States Courts of Appeals for the Sixth, Eighth, and Tenth Circuits, which held that career offender designation does bar a sentence reduction; however, since <u>Munn</u> was decided in 2010, the United States Sentencing Commission has explicitly "adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits" and "clarif[ied] that the applicable guidelines range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.10(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. App. C., Amend. 759 (2011). Indeed, the Fourth Circuit has recognized the abrogation of <u>Munn</u>, albeit in an unpublished decision, holding that "the Sentencing Commission has abrogated the ruling in <u>Munn</u> by defining 'applicable guideline range' as 'the guideline range that corresponds to the offense level and criminal history category determined... before consideration of any departure provision.' U.S.S.G. App. C., Amend. 759 (2011)." <u>United States v. Moton</u>, 531 Fed. Appx. 377, 378 (4th Cir. 2013) (unpublished) (per curiam). Thus, even construing the instant motion as one seeking reconsideration under <u>Munn</u>, there simply is no basis for this Court to afford defendant any relief under Amendment 782 as his status as a Career Offender prohibits relief under Amendment 782.

<u>Id.</u> at 2 -3 (footnote omitted). Defendant appealed that determination to the Court of Appeals for the Fourth Circuit, which affirmed that decision. <u>United States v. Page</u>, No. 18-6149 (4th Cir. June 19, 2018). As to his Amendment 782 argument before the appellate court, the Fourth Circuit held that

> Page next argues that he should benefit from Guidelines Amendment 782 because he no longer qualifies as a career offender. The district court denied Page Amendment 782 relief in 2015, and he did not appeal that ruling or raise this argument in his current motion. Therefore, he is not entitled to relief on this basis.

<u>Id.</u> at 2-3. Thus, not only is defendant not entitled to any relief under Amendment 782, his reassertion of that claim in light of the final resolution of that contention by this Court and the Fourth Circuit makes defendant's present motion abusive.

Finally, the Court has closely reviewed the remainder of the pleading for any potential, viable claim. While the pleading is replete with citations to cases, the Court concludes that it is comprised of summary legal conclusions none of which entitled defendant to relief.

\*\*\*

Defendant is cautioned that while this Court is hesitant to limit anyone's access to the Court, abusive filings interfere with access to the Court by others as the public resources allotted to the judiciary are limited.

Here, the pleading is abusive as it has required the Court to re-visit issues that this Court and the Fourth Circuit have already resolved. If defendant was unhappy with that resolution, his avenue for relief would have been found in filing a petition for writ of *certiorari* with the Supreme Court. Because defendant did not do so, the Fourth Circuit decision is now binding on him and this Court. Put another way, this Court could not now rule in defendant's favor on his Amendment 782 issue, even if it wanted to do so as the issue has been resolved. Thus, defendant is not only wasting public resources, he is wasting his own resources in the form of time and postage. While defendant will not now be restricted, he is cautioned that future abusive filings may well result in sanctions which could include restricted access to filing.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief in his pro se Motion captioned as "The Rule of Lenity" (#296), such relief is **DENIED**.

Signed: October 23, 2018



Max O. Cogburn Jr.
United States District Judge