IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Stephan Michael Page,   Civil Action:
                        00 CR 15
    Versus

United States of America,

FILED
STATESVILLE, NC
MAR 28 2019
U.S. District Court
Western District of N.C.

Nunc Pro Tunc Petition
For Re-Evaluation of Case

Instant Petitioner in pro se capacity hereto appears to demand immediate release from term of imprisonment charged and amended by way of law.

The First Step Act mandates change and modification of sentencing law, that articulates by Act of Congress that Cases to must reevaluate cases for 2 level reductions in accordance with the Fair Sentencing Act whereas United States v. Proctor, indeed was eligible for a sentence reduction despite the career offender designation. When the court calculates relevant drug quantity under U.S.S.G. § 2D1.1 and not U.S.S.G. § 4B1.1 then a defendant under Amendment 782 is in fact eligible for 2 level reduction. See United States v. Robinson 2017 U.S. Dist.

LEXIS 126721 (D. Md. August 9, 2017). Id. 397 Fed. Appx. 898, 899-900 (4th Cir. 2010).

Additionally, whereas Petitioner had objected to ineligibility determination the 'Rule of Lenity' in fact favors the Petitioner's preserved denial of Accordance as to the FSA encompassed with the literal language of the First Step Act.

Moreover, Petitioner's cooperation did incorporate relief pursuant to Hughes v. United States. As well, the Amendment 809 Drug Conversion Table in Context by the First Step Act established this Petitioner's term of imprisonment as an infringement upon Due Process. See § 2D1.1 et. seq.

Immediate Release and Dis-olution As for Supervised Release is in order by adoption of the changes in law pursuant to the Rule of Lenity and the Sixth Amendment.

Career Offender Assignment merit Chapter 4 not Chapter 2. Further, Conspiratorial drug weight is error as Petitioner may only be liable for individual drug weight.

3553(a) demanded the consideration of cooperation and Rule 35 dictates Hughes v. United States, entitled Petitioner a Reduction in Sentence under post imprisonment motion.

## Conclusion

Petitioner by law from Congressional authority has standing to relief. And by precedent is with merit to oppose career offender assignment through offenses no longer qualified to justify miscarriage of justice.

The text of law dictates Petitioner's term of imprisonment was never sufficient or necessary beyond 8 years.

Wherefore, immediate release from unconstitutional confinement the court unreasonably enhanced, determined, and imposed contrary to justice.

With A Right To Be,

Mr. Stephen Michael Pyo

## Proof

I certify to send 1 original to all parties. The court clerk is directed to allow the U.S. Attorneys Office a copy which payment for is remit upon release